Booth,
 
 Chief Justice,
 

 charged the jury as follows: — This is an appeal by Isaac Graham, defendant below, against Laurana Anderson, [who was the plaintiff below, and who seeks to recover the sum of p35. It is agreed that this is due, but defendant claims a set-off to (more than this amount, being the rent of a house and lot occupied by (Mrs. Anderson as tenant to Graham. Mrs. Anderson occupied the premises in 1838, at a rent of $75; she quit the possession on the 1st Iff January, 1839: Graham claims rent for the next year, because Ivritten notice was not given to him three months before the expiration of the year. The respondent’s counsel has insisted, that under lur act of assembly a written notice by a tenant of his intention to luit is not necessary, and that he has proved a verbal notice. , It is ■he opinion of a majority of the court that this notice by tenant Ihould be in writing. This appears to be the meaning of our act of Issembly, and such has always heretofore been its construction in Iractice, though it may be quite true that it has not heretofore received any judicial construction. But the case does not depend on
 
 *366
 
 thai question, because there bag been proof offered to show that Graham accepted the premises from the tenant; rented or offered to rent the same to another tenant for the year 1839, and himself tilled the lot and took the crop. If this be proved to the satisfaction of the jury, it would amount to either a waiver of the written notice or an eviction; for the whole being under one rent, an eviction of a part would be an eviction of the whole pemises. If the notice was waived or the tenant evicted, she is not liable for the rent of 1839, and the verdict ought to be for the respondent for $35 and interest.
 

 Lams,
 
 for plaintiff.
 

 Bates,
 
 for defendant.
 

 Verdict for plaintiff for $38.